IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SUZANNE MICHELE STAFF**
**ADC #757844**                                                                                             **PLAINTIFF**

v.                              Case No. 4:25-cv-01082-KGB

**EDWARDS, Judge, White**
**County,** *et al*.                                                                                         **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 7). At the conclusion of the Recommendations, Judge Kearney offered plaintiff Suzanne Michele Staff the opportunity to cure the defects in her amended complaint by filing a second amended complaint within 30 days (Dkt. No. 8, at 4). On December 15, 2025, Staff filed a second amended complaint (the "operative complaint") (Dkt. No. 10). The Court has reviewed the operative complaint to assess whether it cures the deficiencies noted in Judge Kearney's Recommendations.

In the Recommendations, Judge Kearney noted that a proper defendant in a 42 U.S.C. § 1983 claim must have deprived a plaintiff of a federally-protected right while acting under color of state law (Dkt. No. 8, at 3). Judge Kearney pointed out that defense attorneys in criminal cases, like defendants Erin Lewis and Tony Brauselle, are not proper defendants because they are not state actors (*Id*.). Further, Judge Kearney pointed out that Staff had not alleged that First Arkansas Bondsmen acted in a way that made it a state actor (*Id*.). In her operative complaint, Staff continues to name Lewis, Brauselle, and First Arkansas Bondsmen as defendants, but she has not asserted that they are state actors or jointly acted with state actors. Accordingly, Lewis, Brauselle, and First Arkansas Bondsman are not subject to suit under § 1983 as set forth in the operative complaint.

Also in the operative complaint, Staff names as defendants "White County" Department of Human Services and Kensett Police Department (Dkt. No. 10, at 2–3).  As set forth in Judge Kearney's Recommendations, neither the Department of Human Services nor the Kensett Police Department are a "person" for the purposes of being sued under 42 U.S.C. § 1983.  *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004); *Opiacha v. Dep't of Hum. Servs.*, Case No. 20-cv-1032 (NEB/DTS), 2020 WL 6121363, at *1 (D. Minn. May 19, 2020), *report and recommendation adopted,* Case No. 20-cv-1032 (NEB/DTS), 2020 WL 4813361 (D. Minn. Aug. 19, 2020).

Finally, the allegations in the operative complaint do not provide specific allegations of fact against defendants to state personal capacity claims.

Accordingly, after careful consideration of the Recommendations, the operative complaint, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 8).  The Court dismisses without prejudice Staff's complaint, amended complaint, and second amended complaint (Dkt. Nos. 2, 3, 10).  The relief requested is denied.

It is so ordered this 29th day of December, 2025.

_____
Kristine G. Baker
Chief United States District Court Judge